Mark L. Javitch (California SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

*Attorney for Plaintiff*
And those similarly situated

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| ERIK SALAIZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLE'S LEGAL GROUP INC., a Wyoming Corporation,<br><br>Defendant. | Civil Action No.: [Case No.]<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff ERIK SALAIZ, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant PEOPLE'S LEGAL GROUP INC. (hereinafter "PLG" or "Defendant") to stop its illegal practice of sending unsolicited prerecorded voice telemarketing calls to the telephones of consumers whose phone numbers were registered on the Federal Do Not Call Registry, and to obtain redress for all persons injured by their conduct. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse,* Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from Defendant PLG. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

## NATURE OF THE ACTION

1. As a part of its marketing, Defendant PLG sent thousands of illegal robocalls to consumers whose phone numbers were registered on the Federal Do Not Call Registry.

2. Defendant PLG did not obtain consent prior to sending these unsolicited calls, and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3. Congress enacted the TCPA in 1991 in response to "a torrent of vociferous consumer complaints about intrusive robocalls."

4. The TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

5. The TCPA explicitly authorized the FCC to establish a "single national database" of telephone numbers belonging to those who object to receiving telephone solicitations. *Id*. § 227(c)(3).

6. By sending these robocalls to people who have registered their phone numbers on the national do-not call database, Defendant PLG violated the privacy and statutory rights of Plaintiff and the Class.

7. Plaintiff therefore seeks an injunction requiring Defendant to stop its unconsented calling, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff Erik Salaiz is a natural person residing in El Paso, Texas.

9. Defendant PLG is a corporation organized and existing under the laws of Wyoming.

## JURISDICTION AND VENUE

10. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

11. This Court has specific personal jurisdiction over Defendant PLG because PLG caused the violating calls to be sent to Plaintiff in this District.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury occurred in this District.

## COMMON FACTUAL ALLEGATIONS

13. Defendant PLG operates as a law firm based out of Sheridan, Wyoming.

14. Defendant PLG sent out unsolicited calls with an artificial or prerecorded voice soliciting Plaintiff and the putative class for Defendant PLG's legal services.

15. Defendant PLG failed to obtain consent from recipients, nor did they check the Do Not Call registry.

## PLAINTIFF'S FACTUAL ALLEGATIONS

16. Plaintiff is a natural person who resides in this District.

17. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

18. Plaintiff's telephone number ending in 6688 is a residential number and is registered to a cellular telephone service.

19. Plaintiff's telephone number ending in 6688 is used for personal purposes and is not associated with business.

20. Plaintiff successfully registered his telephone number ending in 6688 on the National Do-Not-Call Registry on March 28, 2024, which was more than 31 days prior to receiving the alleged calls in this complaint.

21. Plaintiff never asked the National Do-Not-Call Registry administrator to remove him from the National Do-Not-Call Registry and Plaintiff was on the National Do-Not-Call Registry at all times relevant to this Complaint.

22. Defendant PLG operates as a law firm who offers legal services to consumers nationwide according to its website https://peopleslegalgroup.com.

23. Upon information and belief, as part of their marketing campaign, and to generate new business, Defendant PLG sends unsolicited calls using an artificial or prerecorded voice to thousands of consumers residential telephone numbers without obtaining the consumers' consent.

24. Defendant PLG is barred by ethics from making direct solicitation phone calls to consumers with whom no preexisting relationship exists.

25. Upon information and belief, Defendant PLG makes substantial profit gains by generating new clients through illegal telemarketing.

26. On the same day, November 8, 2024, Plaintiff received at least two (2) unsolicited calls from Defendant PLG as described below:

Call #1 – 11/8/2024, at 12:00 PM from caller ID (956) 691-4308
Call #2 – 11/8/2024, at 12:15 PM from caller ID (254) 720-8348

27. Plaintiff answered both alleged calls and heard the same exact artificial or prerecorded voice message that stated,

> "This is an important reminder from Daisy Young please listen to the following message from telephone number 888-803-7025 hi it's Daisy Young I know we've uh reached out previously about getting some financial help but based on your previous profile we are offering you an amount of nineteen thousand dollars in your case possibly more if you could give me a call back today thank you please call telephone number 888-803-7025 that's telephone number 888-803-7025.

28. Both alleged calls disconnected after the artificial or prerecorded voice message ended.

29. Plaintiff does not know a person by the name of "Daisy Young" and has never spoke with a "Daisy Young" as mentioned in the artificial or prerecorded voice.

30. The artificial or prerecorded voice in the alleged calls left a call back phone number of 888-803-7025 instructing Plaintiff to call back.

31. The artificial or prerecorded voice in the alleged calls does not identify Defendant PLG.

32. The alleged calls Plaintiff received from Defendant PLG were clearly pre-recorded because (a) they were sent with automated technology used to mask Caller IDs (b) they used a singular monotone voice (c) it was a generic message not personalized for the recipient (d) there was a pause prior to the recorded message being played.

33. Defendant PLG spoofed the caller IDs on the alleged calls they made to Plaintiff.

34. Plaintiff became annoyed and frustrated by the alleged calls.

35. On the same day, November 8, 2024, Plaintiff called (888) 803-7025 the number left in the artificial or prerecorded voice messages as it was the only way to identify the caller.

36. Plaintiff was connected to an agent named Frank.

37. Plaintiff advised Frank that he was responding to the phone calls he received from them.

38. Frank stated to Plaintiff, "this is a debt resolution center this is a debt relief program if your struggling with $6,000 or more in unsecured debt."

39. Frank proceeded to collect Plaintiff's name, DOB, social security, email, telephone number, and mailing address in order to pull Plaintiff's credit report and qualify Plaintiff for Defendant PLG's services.

40. Frank solicited Plaintiff for a debt relief program on behalf of Defendant PLG.

41. Frank advised Plaintiff that he was going to transfer the call to his supervisor named Lee.

5

42. Plaintiff was then connected to Lee who verified Plaintiff's information and again solicited Plaintiff for Defendant PLG's services.

43. Lee then sent Plaintiff a retainer agreement on behalf of Defendant PLG for Plaintiff to sign.

> **RETAINER AGREEMENT**
>
> **1. Services**
>
> People's Legal Group, Inc., a professional corporation ("Law Firm") licensed under the laws of the Florida, hereby agrees to represent you in connection with the ongoing dispute you have with certain of your creditors listed below (*see* List of Creditors in Dispute). Law Firm hereby agrees to represent you in these disputes without limitation, including initiation of legal action against your creditors, defending any action brought by your creditors against you, enforcing your rights against harassment by your creditors pursuant to state and federal law, and counseling you on the possibility of filing bankruptcy. Law Firm will keep you informed of its representation of you and will use all legal means to protect and enforce your rights under state and federal law.
>
> **2. Fee for Services Contemplated Herein**
>
> The fee Law Firm will charge for the services being provided to you are set forth below. This fee has been broken into monthly or other installments to ease the financial burden of such fees on you. The fee is for legal services provided to you by Law Firm, as outlined above, and includes all fees and costs associated with Law Firm's representation of you. No other fee will be assessed by Law Firm and no other cost shall be passed to you. The fee is earned by Law Firm upon receipt due to services performed prior to the collection of such fee, and fees are not held in escrow or used to pay creditors. Any settlement you are required to negotiate in the context of active litigation shall be borne separately by you and is unrelated to the fees you pay to Law Firm. Finally, you will not receive bills from Law Firm for services performed as the fee you agree to pay for such services is the flat fee contained in this agreement.
>
> **3. Debt Settlement or Management**

> **Preauthorized Checking and ACH Authorization Form**
>
> I hereby apply for and agree to establish a non-interest bearing special purpose account (the "Account") with a bank ("Bank") selected by People's Legal Group, Inc., ("Law Firm"), its payments processors, and/or their successors for the purpose of accumulating funds to pay for such goods and services as I so direct Law Firm to perform. This application is subject to Bank's customer identification program, as required by the USA PATRIOT ACT and other applicable laws, and accordingly, I hereby represent that the above information is true and complete to the best of my knowledge and belief. The bank account information provided above may be subject to account validation processes to include pre-notation and a $0.01 micro-deposit.
>
> Account Owner Name: Erik Salaiz
>
> Address: 6320 Navajo Ave       City: El paso       State: TX       Zip: 79925

6

44. Plaintiff also received a text message from Lee with his credentials.



45. The retainer agreement and text message Plaintiff received from Lee identified Defendant PLG.

46. Upon information and belief, Defendant PLG employs outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

47. Upon information and belief, Defendant PLG does not have a solicitation registration certificate on file with the Texas Secretary of State as required to make telephone solicitations to Texas residents either directly or through Defendant's agents.

48. Plaintiff is a Texas resident.

49. The https://direct.sos.state.tx.us/telephone/telephonesearch.asp site ("Texas Registration Database") does not contain Defendant PLG's registration.

7

50. Defendant PLG does not qualify for an exemption under § 302.053.

51. Plaintiff never provided his prior express written consent to receive any of the alleged calls.

52. The alleged calls were nonconsensual encounters that were not made for emergency purposes.

53. The alleged calls were made to Plaintiff for the purpose of encouraging Defendant PLG's services.

54. Upon information and belief, the alleged call was placed while knowingly ignoring the national do-not-call registry.

55. Upon information and belief, the alleged calls were placed without Defendant PLG training their agents on the use of an internal do-not-call policy.

56. Plaintiff has never been a customer of Defendant PLG and never knew who Defendant PLG was prior to receiving the alleged calls.

57. Plaintiff was harmed by the alleged calls.

58. Plaintiff was temporarily deprived of legitimate use of his phone because his privacy was improperly invaded. Moreover, the calls injured Plaintiff because they were frustrating, obnoxious, annoying, was a nuisance and disturbed the solitude of Plaintiff.

## INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF DEFENDANT'S ACTIONS

59. Plaintiff realleges paragraphs one through fifty-eight and incorporates them herein as if set forth here in full.

60. The calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

61. Plaintiff has been damaged by the calls including, but not limited to: reduced device storage, reduced data plan usage, anger, annoyance, disruption of the use of his phone, frustration, invasion of privacy, and requiring more frequent charging of his cell phone.

## CLASS ALLEGATIONS

62. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **TCPA Class**. All persons in the United States who: (1) from the last 4 years to present (2) Defendant called and/or any entity making calls on behalf of Defendant (3) whose telephone numbers were registered on the Federal Do Not Call registry for more than 30 days at the time.
>
> **Texas Subclass**. All persons in Texas who: (1) from the last 4 years to present (2) Defendant called any entity making calls on behalf of Defendant (3) whose telephone numbers were registered on the Federal Do Not Call registry for more than 30 days at the time.

63. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

64. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but individual joinder is impracticable. On information and belief, Defendant sent unsolicited calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

65. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited calls.

66. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests

antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

67. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

68. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a. Whether the unsolicited calls were caused by Defendant;

   b. Whether the unsolicited calls promoted Defendant's products or services;

   c. Whether Defendant checked the phone numbers to be called against the Federal Do Not Call registry;

   d. Whether Defendant obtained written express consent prior to sending the unsolicited calls

   e. Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendant's conduct.

69. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of

this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**First Cause of Action:**
**Violation of 47 U.S.C. § 227(b)**
**Artificial or Prerecorded Voice**
**(On behalf of Plaintiff and the TCPA Class)**

70. Plaintiff realleges paragraphs one through seventy-one and incorporates them herein as if set forth here in full.

71. Defendant placed unsolicited phone calls to Plaintiff and the Class members' cellular and/or residential telephones without having their prior express written consent to do so.

72. The calls were made for the express purpose of soliciting consumers' for Defendant PLG's goods and services.

73. When Plaintiff and the Class answered, the calls played an artificial or prerecorded voice message to their cellular and/or residential phones as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

74. As a result of its unlawful conduct, Defendant repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendant to stop its illegal calling campaign.

75. Defendant and/or their agents made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

76. If the court finds that Defendant willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**Second Cause of Action:**
**Violation of 47 U.S.C. § 227(c)**
**Do Not Call Provision**
**(On behalf of Plaintiff and the TCPA Class)**

77. Plaintiff realleges paragraphs one through seventy-eight and incorporates them herein as if set forth here in full.

78. The telephone numbers of Plaintiff and the Class are registered on the Do Not Call Registry.

79. Defendant and/or its agents placed unsolicited phone calls to Plaintiff and the Class members' DNC registered telephones without having their prior written consent to do so.

80. Defendant's actions agents constitute violations of 47 U.S.C. § 227(c) of the TCPA, by soliciting telephone numbers listed on the Federal Government's National Do Not Call Registry 47 C.F.R. § 64.1200(c)(2).

81. Defendant's soliciting phone calls were made for the commercial purpose of soliciting Defendant's goods and services.

82. As a result of its unlawful conduct, Defendant repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages.

83. Plaintiff is entitled to an award of at least $500 in damages for each such violation (47 U.S.C. § 227(c)(5)(B)) or $1,500 if the violation is knowing or willful. 47 U.S.C. § 227(c)(5).

84. Plaintiff also seeks a permanent injunction prohibiting Defendant from making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry.

**Third Cause of Action:**
**Violations of The Texas Business and Commerce Code § 305.053**
(<u>On Behalf of Plaintiff and the Texas Subclass</u>)

85. Plaintiff realleges paragraphs one through eighty-four and incorporates them herein as if set forth here in full.

86. The Texas Business and Commerce code has an analogous portion that is related to the TCPA and was violated in this case.

87. The foregoing acts and omissions of Defendant and/or its agents constitute multiple violations of the Texas Business and Commerce Code § 305.053, by making non-emergency telemarketing calls to Plaintiff's cellular telephone number without his prior express written consent in violation of 47 U.S.C. § 227 *et seq*. The Defendant violated 47 U.S.C. § 227(d) and 47 U.S.C. § 227(d)(3) and 47 U.S.C. § 227(e) by using an artificial or prerecorded voice message that does not comply with the technical and procedural standards under this subsection.

88. Upon information and belief, Plaintiff sent Defendant a notice of violation and request for remedy under Texas Business and Commercial Code § 17.505(a).

89. Plaintiff seeks for himself an award of at least $500.00 in damages for each such violation. Texas Business and Commerce Code § 305.053(b).

90. Plaintiff seeks for himself an award of up to $1,500.00 in damages for each such knowing or willful violation. Texas Business and Commerce Code § 305.053(c).

**Fourth Cause of Action:**
**Violations of The Texas Business and Commerce Code § 302.101**
**Failure to obtain a Telephone Solicitation Registration Certificate**
(<u>On behalf of Plaintiff and the Texas Subclass</u>)

91. Plaintiff realleges paragraphs one through ninety and incorporates them herein as if set forth here in full.

92. Defendant's illegal solicitation sales calls to Plaintiff and the putative class without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.101.

13

93. Upon information and belief the actions of the Defendant also violated Texas Business and Commerce Code § 302.101 by placing solicitation phone calls to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

94. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such.

95. Upon information and belief, Plaintiff sent a notice of violation and request for remedy under Texas Business and Commercial Code § 17.505(a).

96. As a result of the Defendant's violations of Texas Business and Commerce Code § 302.101, Plaintiff may and does seek damages of up to $5,000.00 for each violation. Texas Business and Commerce Code § 302.302(a).

97. As a result of the Defendant's violations of §302.101, Plaintiff seeks all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ERIK SALAIZ, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing his counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 227(b) of the TCPA;

C. An order declaring that Defendant's actions, as set out above, violate 227(c) of the TCPA;

D. An order declaring that Defendant's actions, as set out above, violate 305.053 of the Texas Business and Commerce code;

E. An order declaring that Defendant's actions, as set out above, violate 302.101 of the Texas Business and Commerce code;

14

F. An order declaring that Defendant's actions, as set out above, violate the TCPA willfully and knowingly;

G. An award of $1500 per call in statutory damages arising from the TCPA §227(b) for each intentional violation;

H. An award of $1500 per call in statutory damages arising from the TCPA §227(c) for each intentional violation;

I. An order declaring that Defendant's actions, as set out above, violate the Texas Business and Commerce code willfully and knowingly;

J. An award of $1,500 in statutory damages arising from the Texas Business and Commerce code 305.053 for each intentional violation, two (2);

K. An award of $5,000 in statutory damages arising from the Texas Business and Commerce code 302.101 for each intentional violation, two (2);

L. An injunction requiring Defendant to cease sending all unlawful calls;

M. An award of reasonable attorneys' fees and costs; and

N. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: February 12, 2025                Respectfully submitted,

By: /s/ Mark L. Javitch
Mark L. Javitch (California SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff and the Putative Class*